(SPACE BELOW FOR FILING STAMP ONLY)

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-8216
STATE BAR NO. 71411

Attorney for Plaintiff, SCOTT HOLLAND

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLAND, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES LEE, an individual<br><br>Defendant. | Case No. 2:22-cv-01311-DMG-(JPRx)<br><br>*Assigned to the Honorable Dolly M. Gee*<br><br>**NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Eli Kantor and Proposed Order]<br><br>Date: August 25, 2023<br>Time: 9:30 A.M.<br>Place: Courtroom 8C |

1
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

**TO THE HONORABLE JUDGE DOLLY GEE, PLAINTIFF SCOTT HOLLAND, AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on August 25, 2023 at 9:30 AM, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 350 W 1st Street, Los Angeles, CA 90012, Eli M. Kantor, Esq., counsel of record for Plaintiff Scott Holland ("Holland") will and hereby does present this motion to the Court for an order permitting him to withdraw as counsel of record for Holland. The hearing may, if the Court so orders, involve the *in camera* review of pertinent confidential information. Declaration of Eli M. Kantor ("Kantor Decl.") ¶ 2.

The grounds for this motion to withdraw are set forth in the Memorandum of Points and Authorities, as well as the attached declaration of Eli M. Kantor, Esq., and any such further declaration(s) and/or testimony as may be required by the Court. This motion is based upon the grounds that "good cause" exists and withdrawal is justified and necessary to serve the ends of justice because:

1. The attorney-client relationship has irretrievably broken down; Plaintiff has made it unreasonably difficult for Counsel to maintain the attorney-client relationship.

2. There is no risk of delay in prosecution; as an individual, Plaintiff may represent himself *pro se*, or he may retain new counsel in the future.

3. Plaintiff was advised to seek new counsel on July 18, 2023.

The Motion will be further made and based upon all of the records, files and pleadings herein, the supporting declaration of Eli M. Kantor, Esq., all of the

records, files and pleadings herein and such other evidence, verbal or documentary as may be presented by the parties at the hearing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL BACKGROUND

On February 25, 2022, Plaintiff Scott Holland filed his original complaint in this case. (Dkt 1).

On March 31, 2022 Plaintiff Scott Holland filed his First Amended Complaint (Dkt 8).

On June 6, 2022, Defendant James Lee filed a motion to dismiss Plaintiff's First Amended Complaint.

On July 7, 2022, Plaintiff Scott Holland filed an opposition to James Lee's motion to dismiss Plaintiff's First Amended Complaint.

On July 28, 2022, the Court granted Defendant's motion to dismiss with leave to amend all claims except, Plaintiff's conversion claim, and Denied Defendant's Motion to dismiss Plaintiff's conversion claim.

On August 13, 2022, Plaintiff filed his Second Amended Complaint.

On September 19, 2022, Defendant James Lee filed a motion to dismiss Plaintiff's Second Amended Complaint.

On October 4, 2022, Plaintiff Scott Holland filed an opposition to James Lee's motion to dismiss Plaintiff's Second Amended Complaint.

On July 14, 2023, the Court granted Defendant's motion to dismiss without leave to amend to all claims except the conversion claim, and provided that

3
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Defendant James Lee shall file his answer to the conversion claim by August 4, 2023.

There are no court hearings currently scheduled in this matter.

## ARGUMENT

### I. GOOD CAUSE EXISTS FOR GRANTING THE INSTANT APPLICATION BECAUSE THERE HAS BEEN A MATERIAL BREAK DOWN IN THE ATTORNEY-CLIENT RELATIONSHIP

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R. 83-2.3.5. If withdrawal is allowed, the affected parties then "shall appear *pro se* or appoint another attorney by a written substitution of attorney." L.R. 83-2.3.3.

Rule 3-700(C) of the California Rules of Professional Conduct, covers various situations in which it is permissive for a member of the bar to withdraw from representation of a client. These reasons include because a client has rendered it unreasonably difficult to carry on effective employment, Rule 3-700(C)(1)(d), and because the member believes in good faith that there is good cause for withdrawal, Rule 3-700(C)(6). Rule 3-700(C)(5) also provides that a member may withdraw when "[t]he client knowingly and freely assents to termination of the employment."

A client's failure to communicate effectively may justify the attorney's withdrawal. See e.g., *U.A. Local 342 Joint Labor – Management Committee v. South City Refrigeration, Inc.*, 2010 U.S. Dist. LEXIS 42700, 2010 WL 1293522, *3 (N.D. Cal. Mar.31, 2010) (client's failure to cooperate or communicate effectively justified granting

4
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

counsel leave to withdraw); *Lewis v. Nevada County*, 2009 U.S. Dist. LEXIS 17422, 2009 WL 463510, *1 (E.D. Cal. Feb, 23, 2009) (Client's failure to cooperate and heed counsel's advice constituted sufficient grounds to allow counsel to withdraw).

### A. Counsel's Good Faith Belief that there has been an Irretrievable Breakdown in the Attorney-Client Relationship

Here, there has been an irretrievable breakdown which prevents Eli M. Kantor, Esq. from effective representation of the client. (Decl. of Eli M. Kantor - ¶ 2). Should the Court find this declaration insufficient for purposes of being relieved as counsel, Plaintiff's counsel respectfully requests permission to demonstrate the full extent of the breakdown of the attorney-client relationship during an *in camera* hearing.[1] *See e.g., Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, LLC*, 219 F. Supp. 3d 155, 159 (D.C. Cir. 2016):

> Numerous courts have reviewed similar affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege. *See, e.g., Thekkek v. LaserScuppt, Inc.*, No. 11-4426, 2012 U.S. Dist. LEXIS 7646, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (reviewing "in camera the affidavit and memorandum of law in support of the motion" to withdraw); *Bijan Karimian v. Time Equities, Inc.*, No. 10-3773, 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *7(S.D.N.Y. May 11, 2011) (sealing affidavits, exhibits, and memoranda associated with motion to withdraw); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165-66 (E.D.N.Y. 2006) (concluding after a review of relevant case law that "this method is viewed favorably by the courts"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-9262, 1998 U.S. Dist. LEXIS 19859, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

---

[1] To prevent the Plaintiff from suffering prejudice from this withdrawal motion, counsel reserves the right to disclose the complete factual basis which supports its withdrawal motion.

### B. WITHDRAWAL WILL NOT PREJUDICE THE CLIENT OR OTHER LITIGANTS

Plaintiff Holland is expressly aware of his counsel's intent to withdraw in this case. He has been notified in writing. (Decl. of Eli M. Kantor ¶ 6). (See *Hogan v. City of Sacramento*, 2016 U.S. Dist. LEXIS 114279, *3 (granting motion to withdraw where "litigation is in its early stages"); *McNally v. Eye Dog Foundation for the Blind, Inc.*, 2010 U.S. Dist. LEXIS 93615 (E.D. Cal. Apr. 23, 2010) ("Moreover, this litigation is in its early stages."). Therefore, allowing Eli M. Kantor, Esq. to withdraw will not prejudice the parties. Further, sufficient time remains for Holland's new counsel to substitute into this case, as the case has not been set for trial yet.

### II. FACTORS WEIGH IN FAVOR OF GRANTING THE MOTION TO WITHDRAW

Finally, the court may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *McClintic v. United States Postal Serv.*, 2014 U.S. Dist. LEXIS 2152, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7 2014).

Here, counsel has provided via declaration a compelling reason why withdrawal is sought. (See also Decl. of Eli M. Kantor ¶ 2). Withdrawal will not prejudice any other litigants involved in this case. This case is still in the early stages of litigation. No discovery has occurred; and no depositions have been scheduled. In fact, the parties have not even had their initial scheduling conference yet. (See Decl. of Eli M. Kantor ¶ 5).

6
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Further, there is no harm to the administration of justice. Moreover, there is no risk of delay in the prosecution of this action by allowing counsel to withdraw because as an individual, Plaintiff may represent himself *pro se* and he may retain new counsel in the future. See, L.R. 83-2.3.3.

### III. CONCLUSION

For the reasons stated above, Plaintiff's counsel respectfully requests that the Court grant his motion to withdraw as counsel for Mr. Scott Holland effective immediately.

Dated: July 20, 2023

ELI M. KANTOR
Attorney for Plaintiff
SCOTT HOLLAND

# PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO.: 2:22-CV-01311-DMG-JPRX

I am employed in the County of Los Angeles, State of California. I am over eighteen (18) years of age, and am not a party to the within action. My business address is 9595 Wilshire Boulevard, Suite 405, Beverly Hills, California 90212. On the date stated below, I served the foregoing documents described as **MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** on the interested parties in this action as stated below.

Celina Kirchner
Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd. 20th Floor
Sherman Oaks, California 91403
***Counsel for Defendant***

Scott Holland
254 N. Lake Avenue, #873
Pasadena, CA 91101

**XXX BY E-MAIL:** ckirchner@stubbsalderton.com, scottholland67@me.com

**XXX BY MAIL.** I caused such documents to be transmitted *VIA FEDERAL EXPRESS*. I did this by enclosing a true copy of the documents in a sealed envelope, with postage therein fully prepaid, to be placed in the FEDERAL EXPRESS BOX in Beverly Hills, California.

**XXX FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction of the service was made.

Executed July 20, 2023 at Beverly Hills, California.

SIDNEY NORDSTROM